UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ROY BESSLER,

    Plaintiff,

    v.

WEXFORD OF INDIANA LLC,

    Defendant.

Case No. 3:21-CV-691 JD

## OPINION AND ORDER

Roy Bessler, an inmate, brought suit against Wexford of Indiana, a private company contracted to provide medical care in Indiana correctional facilities, for allegedly substandard medical care he received while incarcerated. Wexford has filed a motion to dismiss Count 1 of Mr. Bessler's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The motion will be granted.

Mr. Bessler's complaint contains five counts. Count 1 of Mr. Bessler's complaint articulates a claim against Wexford as a corporate entity under 42 U.S.C. § 1983 for violations of his Eighth Amendment rights by agents and employees of Wexford. Wexford moves for dismissal of this count by arguing it is legally impermissible as the Seventh Circuit has held *respondeat superior* is not a basis for rendering private corporations liable under § 1983.

Mr. Bessler's response to the motion acknowledges that Wexford is correct on this point of law (DE 17 at 1). The Court's own analysis confirms this conclusion as well. *Dean v. Wexford Health Services*, 18 F.4th 214, 235 (7th Cir. 2021); *Shields v. Ill. Dep't of Corr.*, 746 F.3d 782, 790 (7th Cir. 2014). Mr. Bessler, however, presents arguments on the merits of this established

law to avoid waiving the issue and preserve his ability to argue for a change of law on appeal in the Seventh Circuit.

The Court takes note that even if *respondeat superior* § 1983 claims were permissible, it is unclear that Mr. Bessler would have established one in his pleadings. *Respondeat superior* is a form of vicarious liability, it does not create a free-standing legal cause of action. Rather, it holds one person liable for another's wrong, specifically holding an employer liable for conduct of its employees. *Gaston v. Ghosh*, 920 F.3d 493, 497 (7th Cir. 2019). Independently, proving a violation of the Eight Amendment's prohibition on cruel and unusual punishment requires proving an intentional or criminally reckless tort. *Gaston* 920 F.3d at 498 (Hamilton, J. concurring) (internal citations omitted). Therefore, a plaintiff bringing an Eighth Amendment § 1983 claim under *respondeat superior* theory would have to establish an actor had the requisite mental state and that actor's conduct can be imputed to the corporate entity.

It is unclear what actor or actors would fill that role in Mr. Bessler's complaint. The Seventh Circuit has contemplated three hypothetical routes to establishing *respondeat superior* § 1983 liability. *Id.* First, would be the plaintiff proving a single identified employee acted with the required deliberate indifference within the scope of their employment. *Id.* Second would be proving a single employee, who could not be identified, acted with the requisite mental state in the scope of their employment. *Id.* Third, would be where the plaintiff could not show a single employee acted with deliberate indifference, but the evidence allows an inference that a group of employees acted with collective indifference to a prisoner's health or safety. *Id.*

Mr. Bessler's complaint does not appear to satisfy any of these theories. He does not present a claim against an individual employee, identified or unidentified, who could have had the requisite mental state to then be imputed to Wexford. Nor does it allege that a group of

employees, acting with collective indifference, constitute a sufficient collective mental state to make the tortious act run afoul of the Eighth Amendment. Consequently, it seems unlikely that even absent the bar on *respondeat superior* § 1983 claims, Count 1 of Mr. Bessler's complaint states a claim on which relief can be granted.

    Accordingly, the motion to dismiss (DE 15) will be GRANTED.

    SO ORDERED.

    ENTERED: February 4, 2022

                                        /s/ JON E. DEGUILIO  
                                        Chief Judge  
                                        United States District Court