UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ROY BESSLER,

    Plaintiff,

    v.                                                             Case No. 3:21-CV-691 JD

WEXFORD OF INDIANA LLC,

    Defendant.

## OPINION AND ORDER

The plaintiff, Roy Bessler, is an inmate currently proceeding *pro se*.[1] Mr. Bessler brought suit against the defendant, Wexford of Indiana, LLC, for being deliberately indifferent in providing him medical care while incarcerated in violation of his Eighth Amendment rights. The Court previously granted summary judgment to Wexford based on Mr. Bessler's failure to exhaust his administrative remedies before suing in federal court. Mr. Bessler has moved for the Court to reconsider its prior decision. (DE 48.) For the following reasons, that motion will be denied.

After the Court granted Wexford summary judgment, Mr. Bessler appealed the Court's decision to the United States Court of Appeals for the Seventh Circuit. The Seventh Circuit affirmed this Court's decision. (DE 56.) Mr. Bessler filed the instant motion shortly after filing his appeal and placing the case before the Seventh Circuit. Thus, the Court deferred ruling on the motion until the Seventh Circuit addressed the appeal. (*See* DE 49.) Now that the Circuit has finished with this case, the Court will rule on the motion. *See* Fed. R. Civ. P. 62.1(a)(2).

---

[1] Ms. Bessler was represented by counsel until after the Court granted summary judgment.

**A. Legal Standard**

Federal Rule of Civil Procedure Rule 60(b) authorizes the court to relieve a party from a final judgment based on: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; or . . . (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). Relief under Rule 60(b) is an extraordinary remedy which should not be lightly granted. *Kennedy v. Schneider Elec.*, 893 F.3d 414, 419 (7th Cir. 2018).

**B. Analysis**

The Court will deny Mr. Bessler's motion as he does not allege any specific error in the Court's prior decision. Rather, he generally asks the Court to revisit its prior decision based on the same record evidence.

The document Mr. Bessler filed titled as a motion to reconsider is fifteen pages which mainly consists of a civil complaint restating his allegations against Wexford for failing to adequately treat his hip injury. (*See* DE 48 at 1–11.) In a single paragraph Mr. Bessler argues that the Court erred in granting summary judgment because his affidavit "squarely contradicts" the factual allegations of the defendant and "the facts [which the affidavit] alleged would have supported a judgment for the plaintiff under the 8th Amendment." (*Id.* at 12.) The thrust of this

argument appears to be that the Court erred in granting summary judgment because there was a genuine dispute of material fact that needed to be resolved by a jury.[2]

This argument is inadequate to merit relief under Rule 60(b) for several reasons. First, Mr. Bessler's vague and general allegation does not actually identify any conflicts between his affidavit and Wexford's evidence. Therefore the Court has no meaningful legal argument to consider and decide. Second, in ruling on the motion for summary judgment the Court previously reviewed the entire factual record and construed all facts related to the availability and exhaustion of administrative remedies in the light most favorable to Mr. Bessler. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The Court nonetheless found that Wexford was entitled to summary judgment.[3] As previously stated, Rule 60(b) motions are not the forum for rehashing previously rejected arguments. *Caisse Nationale de Credit Agricole*, 90 F.3d at 1270. As a result, Mr. Bessler cannot obtain relief under Rule 60(b) merely by asserting the Court should look at the same evidence it previously considered and reach a different conclusion.

Third, to the extent Mr. Bessler seeks to make new factual allegations about the grievance process being unavailable during his incarceration, possibly due to Covid-19 pandemic management protocols (s*ee* DE 48 at 7 ¶ 24), he cannot make those arguments now.[4] Those arguments could have and should have been presented in the briefing on the motion for summary judgment and are thus inappropriate to raise now. *Caisse Nationale de Credit Agricole*, 90 F.3d

---

[2] The Court will emphasize that its grant of summary judgment was on the basis of exhaustion and not on the merits of Mr. Bessler's claim. The Court accordingly construes Mr. Bessler's motion to be arguing there is a genuine dispute of a material fact relating to exhaustion.

[3] The Court incorporates by reference its order on the motion for summary judgment, including the analysis of the evidence in the record. (DE 33.)

[4] In opposing the motion for summary judgment, Mr. Bessler argued the grievance process was effectively unavailable to him. The Court rejected this argument as Mr. Bessler had not produced *any* evidence to dispute Wexford's evidence that the process was available. (DE 33 at 6–7.)

at 1270 ("Reconsideration is not an appropriate forum for … arguing matters that could have been heard during the pendency of the previous motion."). The Court will also note Mr. Bessler has provided no evidence to support these new factual allegations. Additionally, the bare factual assertions in his latest filing are contradicted by evidence he submitted during the summary judgment briefing which shows that he filed grievances in July 2020, and January 2021. (*See* DE 33 at 2–3.)

### C. Conclusion

Accordingly, Mr. Bessler's motion for reconsideration pursuant to Rule 60(b) is DENIED. (DE 48.)

SO ORDERED.

ENTERED: August 8, 2023

                                                        /s/ JON E. DEGUILIO
                                                       Judge
                                                       United States District Court